[No. 8489.   Department Two.   July 9, 1910.]

## ERMINA TAYLOR, *Respondent*, v. EDWARD E. TAYLOR, *Appellant*.[1]

DIVORCE—CRUELTY—EVIDENCE—SUFFICIENCY. A decree of divorce
sought on the ground of cruelty and personal indignities is warranted
where it appears that the defendant manifested a violent temper
against the plaintiff, frequently using profane language, that he
stated to her and to neighbors that she was not wanted, and that
he neglected her while she was sick in bed.

DIVORCE—ALIMONY—SUIT MONEY. Five hundred dollars alimony
and $385 suit money is not an excessive allowance where the hus-
band had several thousand dollars worth of property, and the trial
occupied several days' time.

Appeal from a judgment of the superior court for Lin-
coln county, Neal, J., entered May 14, 1909, upon findings in
favor of the plaintiff, in an action for divorce, after a trial on
the merits before the court.   Affirmed.

*Martin & Wilson*, for appellant.

*Sessions & Warren*, for respondent.

PER CURIAM.—The plaintiff in this action seeks a divorce
from the defendant upon the grounds of cruel treatment and
personal indignities which by her complaint she alleges he
has been guilty of towards her.   The defendant, by his
answer and cross-complaint, seeks a divorce from the plain-
tiff, alleging as grounds therefor that she has been guilty
of cruel treatment and personal indignities towards him.   A
trial resulted in a decree of divorce in favor of the plain-
tiff, and awarding her the sum of $500 alimony and $385.45
attorney's fees and costs, and declaring the same a lien upon

[1]Reported in 109 Pac. 1019.

certain lands of the defendant. From this decree, the defendant has appealed to this court.

The only question argued by learned counsel for appellant is as to the sufficiency of the evidence to sustain the decree. A careful reading of all of the evidence shows serious conflict touching the acts of cruelty and personal indignities charged each against the other. The testimony of witnesses upon which the learned trial judge was compelled to decide the case was of such nature that he was in much better position to determine the facts than we are. We can see no useful purpose to be accomplished by reviewing the evidence here in detail. It was sufficient to show, if believed by the court, that appellant had a violent temper; that he repeatedly addressed the respondent in anger, using coarse and profane language; that he gave her to understand that he did not want her to remain in his home, saying, among other things, "Why don't you get out of here, no one ever wanted you here any way"; that he communicated his desire to get rid of her to his neighbors, who in turn communicated to her his remarks to that effect, and that he neglected her while she was sick in bed. It is true that there is some evidence tending to show that this treatment of her was not wholly unmitigated, but in view of all of the evidence, we are constrained to hold that it supports the conclusion of the learned trial court that she was entitled to a divorce.

It is also complained that the awarding of alimony and suit money was not justified. The record shows that appellant had land worth several thousand dollars, and that the trial of the cause occupied several days' time. In view of these facts we think that neither the amount of alimony or suit money was excessive. The judgment is affirmed.